S6492/438 No. Iss.

——FILED
——LODGED
——RECEIVED 

OCT 24 2008

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                                  DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

| | |
|---|---|
| Dana Bowling<br>1929 Virginia Ave. NE<br>Everett, WA 98201<br><br>Plaintiff,<br><br>v.<br><br>Asset Management Outsourcing Recoveries, Inc<br>c/o David M Lindsay, Registered Agent<br>3120 McDougall St<br>Everett, WA 98201<br><br>Defendant. | Case No.<br><br>Judge: **C08 1576 JLR**<br><br>COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, INVASION OF PRIVACY AND OTHER EQUITABLE RELIEF<br><br>JURY DEMAND ENDORSED HEREIN |

### JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper in this district because this is the judicial district where all of the events giving rise to the cause of action took place.

### FACTS COMMON TO ALL COUNTS

2. The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.



08-CV-01576-CMP

1

8. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

9. On or around June 4, 2008, Defendant telephoned Plaintiff.

10. During the communication referenced in Paragraph 9, Plaintiff offered to make a payment on the debt.

11. During the communication referenced in Paragraph 9, Defendant represented to Plaintiff that, even if Plaintiff made a payment on the debt, Defendant would proceed with legal action against Plaintiff.

12. On or around June 5, 2008, Defendant telephoned Plaintiff's place of employment.

13. During the communication referenced in Paragraph 12, Plaintiff answered the telephone but Defendant did not identify itself.

14. During the communication referenced in Paragraph 12, Defendant asked to speak to the person in charge of garnishment and Plaintiff transferred the telephone call to Plaintiff's boss ("Boss").

15. During the communication referenced in Paragraph 12, while speaking with Boss, Defendant asked Boss about Plaintiff's employment status and demanded the name and address of Plaintiff's employer to send garnishment papers.

16. After the communication referenced in Paragraph 12, Boss told Plaintiff that Plaintiff could be fired for having Plaintiff's wages garnished.

17. At the time of the communications referenced above, Defendant had neither the intent nor the ability to take legal action against Plaintiff.

18. At the time of the communications referenced above, Defendant had neither the intent nor the ability to garnish Plaintiff's wages.

19. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

20. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

21. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

22. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and disclosed the existence, nature and/or amount of the debt.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

23. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

24. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and failed to comply with 15 U.S.C. §1692b.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

25. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

26. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

27. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

28. The Defendant violated 15 U.S.C. §1692e, generally, by having non-attorneys overtly state that they could control the decision to litigate and the timing and scope of the litigation, when in fact this would be an attorney decision.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

29. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

30. The Defendant violated 15 U.S.C. §1692e in that defendant failed to advise Plaintiff during verbal communications that defendant was attempting to collect a debt and information would be used for that purpose.

## COUNT SIX

### Violation of the Fair Debt Collection Practices Act

31. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

32. The Defendant violated 15 U.S.C. §1692e in that it threatened legal action where such action was not contemplated, and stated for the sole purpose of terrifying the Plaintiff.

## COUNT SEVEN

### Violation of the Fair Debt Collection Practices Act

33. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

34. The Defendant violated 15 U.S.C. §1692e by making misrepresentations during its conversations with Plaintiff.

## COUNT EIGHT

### Invasion of Privacy by Public Disclosure of a Private Fact

35. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

36. Defendant released information which was private to the Plaintiff and concerned Plaintiff's private life to Plaintiff's Boss.

37. The disclosure of Plaintiff's debt and the threat of legal action to this party are highly offensive.

38. The information disclosed is not of legitimate concern to the public.

## JURY DEMAND

39. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

40. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. Judgment, in an amount to be determined at trial, against Defendant for the Public Disclosure of a Private Fact.

   c. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By: *[signature]*
Lawrence S. Lofgren(34358)
600 Stewart St, Ste 724
Seattle, WA 98101
Telephone: 866-339-1156
Email: llo@legalhelpers.com
*Attorney for Plaintiff*